DINGEMAN v. BOERTH'S ESTATE.

COVENANTS—BUILDING RESTRICTIONS — MAINTENANCE OF ROOMING HOUSE VIOLATES RESIDENCE RESTRICTION.

   Where the restriction that a subdivision be used for single residence purposes only, double houses being prohibited, was generally observed, and defendant leased a residence therein with knowledge of the restriction, his lease reciting that the premises were to be occupied as a "residence place for the family of the lessee only," it was a violation of said restriction for him to maintain a rooming house, and its maintenance was properly enjoined at the instance of property owners in the subdivision.

Deeds, 18 C. J. § 452.

Appeal from Wayne; Webster (Arthur), J.   Submitted April 28, 1927.   (Docket No. 114.)   Decided June 6, 1927.

Bill by Harry J. Dingeman and others against the estate of Rose E. Boerth, deceased, and David Dumbleton to enjoin the violation of building restrictions. From a decree for plaintiffs, defendant Dumbleton appeals.   Affirmed.

*John P. Scallen,* for plaintiffs.

*Bratton & Bratton,* for appellant.

CLARK, J.   Defendant Dumbleton's appeal from a decree enjoining violation of a building restriction presents but one principal and meritorious question, whether what was done actually violates the restriction.   The premises in question, 613 Virginia Park, Detroit, are a part of a restricted district, 92 lots, along Virginia Park between Woodward and Hamilton avenues.   The applicable restriction is:

"That the said premises shall be used for residence purposes only; that no building not of brick or stone shall be erected thereon; that no dwelling house shall be erected thereon at a cost of less than $5,000.00; that no double house shall be erected on said premises, nor more than one house on each lot of 50 feet frontage; and that no building or part of a building, such as bay window or swelled front, shall be erected on said premises within 25 feet of front of Virginia avenue line of said premises."

The restriction has been preserved vigilantly by resident owners.   There are now in the district 90 high-class single residences and but two vacant lots. Defendant Dumbleton rented of the defendant estate the premises in question, a single residence, with knowledge of the restriction.   The lease itself recites that the premises were to be occupied as a "residence

place for the family of the lessee only." Defendant converted it into a rooming house, and at the time of hearing had nine roomers. Judge Arthur Webster, in an opinion, succinctly stated, disposes of the case. We adopt it.

"The restriction in question must be read as a whole and construed in the light of the general plan or scheme of development under which the restricted district was built. It is to be noted that not only are the premises to be used 'for residence purposes only,' but that 'no double house shall be erected on said premises nor more than one house on each lot of 50 feet front.' At once it is apparent that this language precludes the erection of an apartment building, or apartment hotel, or any building of like character. The restriction clearly was intended to limit the buildings to single residences.

"Could a lot owner erect a large single residence on his lot and then turn it into a hotel or boarding house and still claim to be using it for residence purposes? It seems to me obvious that such a use would violate the clear intent and purpose of the whole plan of development. Eating is one of the incidents of 'residing' on a lot, as well as 'rooming' or sleeping on the premises. If one may conduct a business of renting rooms for hire and be within the restrictions, then one should also be entitled to conduct the business of renting rooms and serving meals (a hotel or boarding house), or the business of serving meals alone—(a restaurant). But either use, in my opinion, would be conducting a business, and, consequently, a violation of the restriction.

"So, too, running a rooming house or lodging house is clearly a business venture and contrary to the intent and purpose of the restrictive covenants."

Decree affirmed, with costs to plaintiffs against appellant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.